IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL HALL, IDOC # B40832,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   CIVIL NO. 11-21-GPM |
| | ) |
| **GLADYSE C. TAYLOR, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Michael Hall is a prisoner in the custody of the Illinois Department of Corrections ("IDOC") who currently is serving a sentence of eighteen years' imprisonment at the Menard Correctional Center ("Menard") for armed home invasion. Hall brings this action pro se under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, and under 42 U.S.C. § 1983 for alleged violations of Hall's constitutional rights by persons acting under color of state law. At this time Hall's complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A, which provides, in relevant part:

> (a) Screening. – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for Dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which

relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, "some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001).

In Hall's pro se complaint in this case Hall alleges that on July 6, 2010, during a so-called "shakedown" (search) of Hall's cell at Menard, Defendant Jamie R. Nagle, a correctional officer at Menard, confiscated Hall's personal property, including a color television, some books, among them a religious book, and a *Playboy* magazine. Named as Defendants are Nagle, Gladyse C. Taylor, the acting director of the IDOC, Lisa Shemonic, the publication review officer at Menard, and David Rednour, the warden at Menard. As noted, Hall asserts claims under RICO and under 42 U.S.C. § 1983 for an alleged conspiracy among Nagle, Taylor, Shemonic, and Rednour to violate Hall's rights under the First Amendment and the Fourteenth Amendment.[1]  As damages Hall

---

1. The Court notes that Hall alleges that, during the July 6 cell shakedown, he was "strip [sic] naked," although this does not appear to be part of Hall's constitutional claim. Doc. 1 at 5. Visual strip searches of IDOC prisoners (as opposed to cavity searches, which under IDOC regulations can be performed only by medical personnel) generally are constitutional provided they are reasonable and do not exceed the scope of permissible search under IDOC regulations. *See McKinley v.*

demands a new color television and $30,000. After careful review of Hall's complaint, the Court finds that Hall's claims do not survive screening under 28 U.S.C. § 1915A.

The Court turns first to the matter of Hall's purported RICO claim. The RICO statute renders liable a person who, as the employee or associate of an enterprise, conducts or participates in the affairs of the enterprise "through a pattern of racketeering activity[.]" 18 U.S.C. § 1962(c). "In order to have federal jurisdiction under RICO, the [plaintiff] must show either that the enterprise is engaged in interstate commerce or that the activities of the enterprise affect interstate commerce." *United States v. Muskovsky*, 863 F.2d 1319, 1325 (7th Cir. 1988). Additionally, a pattern of racketeering activity for RICO purposes means the commission of at least two predicate acts of racketeering within a ten-year period, with the predicate acts that constitute racketeering activity being set out in an exclusive list in the definitional provisions of the statute. *See* 18 U.S.C. § 1961(1), (5); *Crichton v. Golden Rule Ins. Co.*, Civil No. 06-264-GPM, 2006 WL 2349961, at *5 (S.D. Ill. Aug. 11, 2006). Finally, to satisfy the requirement of a pattern of racketeering activity, the conduct alleged must "pose a threat of continued criminal activity[.]" *Jennings v. Auto Meter Prods., Inc.*, 495 F.3d 466, 473 (7th Cir. 2007). Here the conduct alleged does not implicate interstate commerce, Hall alleges no predicate acts of racketeering, and the single incident at issue, the shakedown of Hall's cell on July 6, 2010, suggests no threat of continued criminal activity. Therefore, Hall's RICO claim will be dismissed.

---

*Trattles*, 732 F.2d 1320, 1323-25 (7th Cir. 1984); *Lee v. Washington*, No. 97 C 4710, 1999 WL 759609, at *5 (N.D. Ill. Aug. 31, 1999). It is true, of course, that repeated searches of prisoners for purposes of harassment can rise to the level of an Eighth Amendment violation. *See Bourbeau v. Pierce*, No. 02-CV-1207-MJR, 2006 WL 726235, at *4 (S.D. Ill. Mar. 16, 2006); *Tellez v. Peters*, No. 96 C 3276, 1997 WL 51441, at *6 (N.D. Ill. Feb. 3, 1997). However, a strip search of a prisoner incident to a cell shakedown clearly is authorized by IDOC regulations. *See* Ill. Admin. Code tit. 20, § 501.220(b)(1).

The Court turns next to Hall's constitutional claims. As noted, Hall alleges that the shakedown of his cell on July 6, 2010, resulted in a violation of Hall's Fourteenth Amendment rights, because Nagle unlawfully confiscated non-contraband property (Hall's television, etc.) and failed to give Hall a so-called "shakedown slip" describing the confiscated property, as Nagle was required to do by IDOC regulations. *See* Ill. Admin. Code tit. 20, § 501.220(b)(6). The due process clause of the Fourteenth Amendment provides that the states shall not "deprive any person of life, liberty, or property, without due process of law[.]" U.S. Const. amend. XIV. However, there is no loss of property without due process of law if a state provides an adequate post-deprivation remedy for the loss. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."); *Parratt v. Taylor*, 451 U.S. 527, 540 (1981) (quoting *Mitchell v. W.T. Grant Co.*, 416 U.S. 600, 611 (1974)) (noting the "usual rule" that "[w]here only property rights are involved, mere postponement of the judicial enquiry is not a denial of due process, if the opportunity given for ultimate judicial determination of liability is adequate."), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986); *Easter House v. Felder*, 910 F.2d 1387, 1396 (7th Cir. 1990) (quoting *Parratt*, 451 U.S. at 541) (stating that "deprivations of property resulting from 'random and unauthorized' acts of state actors do not constitute a violation of the procedural requirements of the fourteenth amendment due process clause if a meaningful post-deprivation remedy for the loss is available."). The United States Court of Appeals for the Seventh Circuit specifically has held that an IDOC prisoner has an adequate post-deprivation remedy for both a confiscation of the prisoner's non-contraband property by IDOC

personnel and a failure to issue the prisoner a shakedown slip for the confiscated property in the form of an action for damages in the Illinois Court of Claims. *See Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999) (citing 705 ILCS 505/8); *Stewart v. McGinnis*, 5 F.3d 1031, 1035-36 (7th Cir. 1993). Therefore, Hall has failed to state a cognizable claim under 42 U.S.C. § 1983 for a violation of his Fourteenth Amendment rights.[2]

The Court turns then to Hall's claim of a violation of his First Amendment rights. Although Hall asserts that the alleged confiscation of one of his religious books by Nagle constitutes a violation of Hall's First Amendment right of free exercise of religion, the Court does not agree. A "plaintiff must show a 'substantial burden' on a 'central religious belief or practice' to prevail under the Free Exercise Clause[.]" *Kaufman v. McCaughtry*, 419 F.3d 678, 683 (7th Cir. 2005) (quoting *Hernandez v. C.I.R.*, 490 U.S. 680, 699 (1989)). Correspondingly, "[d]e minimis burdens on the free exercise of religion are not of constitutional dimension." *Rapier v. Harris*, 172 F.3d 999, 1006 n.4 (7th Cir. 1999) (a prison's failure to accommodate a prisoner's religious diet at three meals out of 810 was a de minimis burden on the prisoner's right of free exercise). *See also Hadi v. Horn*, 830 F.2d 779, 787-88 (7th Cir. 1987) (cancellation of religious services a half-dozen times

---

2. To the extent that Hall seems to suggest that the shakedown of his cell and Nagle's alleged confiscation of his property were motivated by racial animus, the allegations of Hall's complaint are insufficient to state a Fourteenth Amendment equal protection claim. An equal protection claim requires a showing of intentional or purposeful discrimination against prisoners in a protected class, such as a racial group, and that prisoners outside the protected class received more favorable treatment than did a prisoner within the protected class. *See, e.g., Harris v. Greer*, 750 F.2d 617, 618 (7th Cir. 1984). Moreover, "isolated events that adversely affect individuals are not presumed to be a violation of the equal protection clause," as such incidents show at most "a mere inconsistency in prison management which may not in itself constitute a cognizable equal protection claim." *Shango v. Jurich*, 681 F.2d 1091, 1104 (7th Cir. 1982) (brackets omitted). Obviously, the mere fact that Hall is black and Nagle is white (as are, Hall points out, the nude models in the *Playboy* magazine Nagle allegedly confiscated from Hall) does not, without more, establish an equal protection violation.

over a five-year period when a prison's chapel was needed for recreational purposes did not violate prisoners' First Amendment rights). An alleged confiscation of one of Hall's religious books amounts, at best, to a de minimis burden on Hall's free exercise right. Hall's claim for a violation of his First Amendment free exercise right is due to be dismissed for failure to state a claim upon which relief may be granted.³

Finally, the Court turns to the matter of Hall's allegations of conspiracy. Civil conspiracy claims are cognizable, of course, under 42 U.S.C. § 1983. *See, e.g., Lewis v. Washington*, 300 F.3d 829, 831 (7th Cir. 2002). However, a conspiracy only exists if there is both "(1) an express or implied agreement among defendants to deprive plaintiff of his or her constitutional rights and (2) actual deprivations of those rights in the form of overt acts in furtherance of the

---

3. The Court notes that, to the extent Hall may be asserting that the alleged confiscation of his *Playboy* magazine by Nagle constitutes a violation of Hall's First Amendment right of free expression, this claim fails as well. It is well established, of course, that a prisoner has a right under the First Amendment to challenge the conditions of his or her confinement by, for example, filing grievances and lawsuits, and it is unlawful for prison officials to retaliate against a prisoner for exercising this right. *See DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267, 274-75 (7th Cir. 1996). Also, while "prison officials have broad discretion to regulate prisoners' speech," such restrictions on prisoner speech must be "consistent with 'legitimate penological interests.'" *Watkins v. Kasper*, 599 F.3d 791, 796 (7th Cir. 2010) (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)). In this case, Hall does not allege that Nagle took Hall's *Playboy* magazine as retaliation for Hall's complaints about the conditions of his confinement. Also, as Hall acknowledges, IDOC regulations do not prohibit prisoners in IDOC custody from possessing so-called "soft-core" pornography of the *Playboy* variety (as opposed, of course, to so-called "hard-core" pornography that depicts sexual penetration). *See generally Johnson v. Shemonic*, Civil No. 10-071-GPM, 2010 WL 3894019, at *3 (S.D. Ill. Sept. 30, 2010) (citing Ill. Admin. Code tit. 20, § 525.230(b)(6)). Thus, if, as Hall alleges, Nagle is responsible for a random and unauthorized confiscation of pornography that, under IDOC regulations, Hall was permitted to have, the remedy for the alleged confiscation of Hall's *Playboy* magazine is an action for damages in state court. *See Ehrlich v. Mantzke*, No. 01 C 7449, 2002 WL 265177, at *7 (N.D. Ill. Feb. 25, 2002) (a prisoner's remedy for a random and unauthorized confiscation by prison officials of newspaper articles and judicial opinions in the prisoner's possession is a state-court action for damages, not a suit under 42 U.S.C. § 1983).

agreement." *Scherer v. Balkema*, 840 F.2d 437, 442 (7th Cir. 1988). Moreover, "[a] party may not cry 'conspiracy' and throw himself on the jury's mercy." *Gramenos v. Jewel Cos.*, 797 F.2d 432, 436 (7th Cir. 1986). Hall's allegation of a conspiracy to violate his constitutional rights among Nagle, Taylor, Shemonic, and Rednour is both conclusory and ridiculous. Also, all Defendants in this case work for the IDOC, so that Hall's conspiracy claim runs afoul of the doctrine of intracorporate immunity, which holds that, as a matter of law, the members of a single entity cannot conspire with one another. *See Wright v. Illinois Dep't of Children & Family Servs.*, 40 F.3d 1492, 1508 (7th Cir. 1994); *Doe v. Board of Educ. of Hononegah Cmty. High Sch. Dist. No. 207*, 833 F. Supp. 1366, 1381-82 (N.D. Ill. 1993). Finally, because for the reasons already discussed, Hall has failed to allege a violation of his constitutional rights by Nagle, it follows that Hall's attempt to impose liability on Taylor, Shemonic, and Rednour via a conspiracy theory fails as well. "[C]onspiracy is not an independent basis of liability in § 1983 actions." *Smith v. Gomez*, 550 F.3d 613, 617 (7th Cir. 2008) (citing *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 423 (7th Cir. 2000)). Instead, "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Hildebrandt v. Illinois Dep't of Natural Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003) (quoting *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996)). *See also James v. Illinois Sexually Dangerous Persons Act*, Civil No. 09-40-GPM., 2009 WL 2567910, at *5 (S.D. Ill. Aug. 19, 2009) (failure to state a claim for violation of a plaintiff's constitutional rights is fatal to a claim for conspiracy to violate the plaintiff's rights). In view of Hall's failure to state a claim for a violation of his constitutional rights that is actionable under Section 1983, Hall's claim of a conspiracy to violate his rights must be dismissed.

To conclude, pursuant to 28 U.S.C. § 1915A, the Court finds that Hall's complaint fails to state a claim on which relief may be granted. Therefore, this action is **DISMISSED with prejudice**. Hall's motion for appointment of counsel (Doc. 3) is **DENIED as moot**. Hall is advised that the dismissal of this case will count as one of his three allotted "strikes" under 28 U.S.C. § 1915(g). The Clerk of Court will enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED:  February 5, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge